UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVINA JACOBS

CIVIL ACTION

VERSUS

NO. 18-59-BAJ-EWD

AUDUBON HOME HEALTH
OF BATON ROUGE, INC. D/B/A
CYPRESS HOME HEALTH

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 12, 2018.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVINA JACOBS

VERSUS

AUDUBON HOME HEALTH
OF BATON ROUGE, INC. D/B/A
CYPRESS HOME HEALTH

CIVIL ACTION

NO. 18-59-BAJ-EWD

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by plaintiff, Davina Jacobs ("Plaintiff"). The Motion to Remand is opposed[2] by defendant, Audubon Home Health of Baton Rouge, Inc. d/b/a Cypress Home Health ("Defendant") and Plaintiff has filed a Reply.[3] For reasons set forth herein, the undersigned recommends[4] that the Motion to Remand[5] be GRANTED and that Plaintiff's request for fees and costs pursuant 28 U.S.C. § 1447(c) be GRANTED IN PART.

**I.    Background**

On May 5, 2015, Plaintiff initiated this action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[6] Per her Petition for Damages (the "Petition"), Plaintiff alleges that beginning in January 2015 she was sexually harassed by her supervisor, David Planchard.[7] Plaintiff alleges that she "had no choice but to resign on April 28, 2015 due to the

---

[1] R. Doc. 2.

[2] R. Doc. 3.

[3] R. Doc. 6.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC*, 819 F. 3d 758,756 (5th Cir. 2016).

[5] R. Doc. 2.

[6] R. Doc. 1-2.

[7] R. Doc. 1-2, ¶¶ 3 & 5.

unabated sexual harassment…."[8]  Significant to the instant Motion to Remand, Plaintiff alleges that:

> On July 9, 2015, Petitioner timely filed Charges of Discrimination with the EEOC and LCHR which was [sic] served on Defendant. Petitioner has not yet received her Notice of Right to Sue and reserves her right to supplement and amend this Petition upon receipt of same.  Petitioner shows that all conditions precedent to suit under La. R.S. 23:301, *et seq.* have been met and/or complied with.[9]

In addition to claims for damages, Plaintiff asserts that she "is entitled to and desires an award of attorney's fees pursuant to La. R.S. 23:301, *et seq…*"[10]

On January 24, 2018, Defendant removed the instant action to this court based on federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[11]  Defendant asserts that Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964[12] and that Plaintiff's petition is "completely devoid of any citation to the specific Louisiana statute prohibiting discrimination or sexual harassment; namely La. R.S. 23:332."[13]  Defendant argues that "the state-court Petition makes no reference to any applicable substantive law, either federal or state, prohibiting discrimination or sexual harassment."[14]  To support its assertion of federal subject matter jurisdiction, Defendant asserts that "[o]n September 28, 2015 Plaintiff filed a federal EEOC Charge of Discrimination ('Charge') which specifically alleged a violation of federal law, namely

---

[8] R. Doc. 1-2, ¶ 5.

[9] R. Doc 1-2, ¶ 10.

[10] R. Doc. 1-2, ¶ 11.

[11] Although Defendant alleges in its Notice of Removal that this court has original jurisdiction based on "federal question diversity jurisdiction," R. Doc. 1, ¶ I, Defendant clarifies in opposition to the Motion to Remand that "removal was effected pursuant to 28 U.S.C. § 1331, invoking only federal-question jurisdiction."  R. Doc. 3, p. 3.

[12] R. Doc. 1, ¶ I.

[13] R. Doc. 1, ¶ IV.

[14] R. Doc. 1, ¶ V.

3

Title VII"[15] and points out that the Charge was "prepared using federal EEOC Form 5, [and] was then issued by the Louisiana Commission on Human Rights ('LCHR'), on October 1, 2015, using EEOC Form 131."[16] Defendant further alleges that the LCHR issued a "Dismissal and Notice of Rights" letter to Plaintiff in January 2018 and that Defendant removed this suit within thirty days of its receipt of the Notice of Rights letter.[17]

On February 1, 2018, Plaintiff filed the instant Motion to Remand.[18] Plaintiff argues that she alleges "only state claims for sexual discrimination/sexual harassment under the LEDL" and that "[t]his fact was and is plain on the face of the Petition."[19] Plaintiff asserts that "[i]n spite of Defendant's full knowledge that Plaintiff does not allege any federal claims…,"[20] Defendant removed this suit based on Plaintiff's receipt of a Notice of Rights letter.[21] Plaintiff argues that "[i]t is up to Plaintiff, and Plaintiff alone, to amend her claims if she chooses to allege any federal law claims," and that "she has not done so."[22] Plaintiff contends remand is appropriate because "this Court lacks subject matter jurisdiction over the instant action as Plaintiff has not alleged any

---

[15] R. Doc. 1, ¶ VI.

[16] R. Doc. 1, ¶ VI.

[17] R. Doc. 1, ¶¶ VIII & IX.

[18] R. Doc. 2.

[19] R. Doc 2, ¶ 1.

[20] R. Doc. 2, ¶ 6.

[21] R. Doc. 2, ¶ 7.

[22] R. Doc. 2, ¶ 7.

4

federal claims."[23] Additionally, Plaintiff seeks an award of fees and costs pursuant to 28 U.S.C. § 1447(c).[24]

In opposition to the Motion to Remand, Defendant argues that at the time of removal, "plaintiff had clearly exhausted administrative remedies, triggering federal-question statutory (Title VII) jurisdiction."[25] Defendant contends that its removal of this action was proper based on Plaintiff's exhaustion of administrative remedies (as evidenced by receipt of the Notice of Rights letter) and Plaintiff's reservation of rights to amend her Petition (which Defendant asserts is tantamount to "her stated intent to amend her state-court Petition to add a Title VII claim upon receipt of a Right-To-Sue letter from the EEOC/LCHR").[26]

## II.   Law and Analysis

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…."[27] Pursuant to 28 U.S.C. § 1331, this court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." "A party may remove an action from state court to federal court if the action

---

[23] R. Doc. 2, ¶ 8. Plaintiff additionally asserts that Defendant's removal was procedurally improper because Defendant failed to attach copies of all state court processes, pleadings and orders with the Notice of Removal. R. Doc. 2-2, pp. 8-9. Plaintiff does not explicitly seek remand on this basis and because the undersigned finds this court lacks federal subject matter jurisdiction, it is not necessary to analyze Plaintiff's procedural contention. Nevertheless, the failure to file all state court papers is a curable defect. *See*, *Collura v. Succession of James Anthony Collura,* Civil Action No. 15-645, 2016 WL 4150032, at *5, n. 41 (M.D. La. Jun. 14, 2015). *See also*, *Ard v. HHF Beechgrove Partnership, LTD.*, Civil Action No. 16-16563, 2017 WL 991531, at *2 (E.D. La. March 15, 2017) ("like other district courts within the Fifth Circuit, this Court finds that allowing Cypress Cove to supplement the record in order to 'cure' the procedural defect, which has already been done in the instant matter (Rec. Doc. 16-1), is the proper course of action.").

[24] R. Doc. 2, ¶ 10.

[25] R. Doc. 3, p. 4.

[26] R. Doc. 3, p. 5.

[27] 28 U.S.C. § 1441(a).

5

is one over which the federal court possesses subject matter jurisdiction."[28] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[29] The party seeking removal bears the burden of demonstrating that federal subject matter jurisdiction exists.[30] "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"[31]

A federal question exists when there "appears on the face of the complaint some substantial, disputed question of federal law."[32] Whether a case is removable on the basis of federal question jurisdiction is "determined by the allegations of plaintiff's 'well-pleaded complaint' as of the time of removal."[33] As this court recently explained, "because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law."[34]

### B. Reference to the Charge of Discrimination and Receipt of the Notice of Rights Letter Does Not Confer Federal Subject Matter Jurisdiction

Defendant argues that at the time of removal, "Plaintiff had clearly exhausted administrative remedies, triggering federal question statutory (Title VII) jurisdiction."[35]

---

[28] *Maze v. Protective Ins. Co.*, Civil Action No. 16-15424, 2017 WL 164420, at *1 (E.D. La. Jan. 17, 2017) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

[29] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[30] *See*, *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Manguno*, 276 F.3d at 723.

[31] *Gutierrez*, 543 F.3d at 251 (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

[32] *Pidgeon v. East Baton Rouge Sheriff's Office*, Civil Action No. 17-342, 2017 WL 3996436, at *2 (M.D. La. Aug. 21, 2017) (citing *In re Hot-Hed, Inc.,* 447 F. 3d at 323).

[33] *Pidgeon*, 2017 WL 3996436, at * 2 (citing *Medina v. Ramsey Steel Co., Inc.,* 238 F 3d. 674, 680 (5th Cir. 2001)).

[34] *Id*. (citing *Avitts v. Amoco Production Co.,* 53 F. 3d 690, 693 (5th Cir. 1995)).

[35] R. Doc. 3, p. 4.

"Defendant asserts that removal was proper and reasonable upon issuance of a Right-to-Sue letter to Plaintiff by the LCHR, because issuance of same is tantamount to proof that plaintiff had exhausted her administrative remedies, a prerequisite to federal court jurisdiction."[36] While the undersigned agrees that "[i]t is a well-settled rule of administrative law that a plaintiff must exhaust available administrative remedies before he or she files a complaint in federal court under Title VII,"[37] the question of whether a claimant has exhausted her administrative remedies is separate and apart from whether Plaintiff has elected to bring a federal claim. This court has previously held that "[t]he mere fact that plaintiffs filed charges with the EEOC and received Notices of the Right to Sue alone is insufficient to establish federal question jurisdiction herein."[38]

In *Pidgeon v. East Baton Rouge Sheriff's Office*,[39] this court again considered whether a petition which referenced plaintiff's submission of a charge of discrimination to the EEOC and subsequent receipt of a Right to Sue Letter from the EEOC conferred federal subject matter jurisdiction. This court explained that such references did not "necessarily transform Plaintiff's action into one brought under federal law" and that:

> the Louisiana Commission on Human Rights ("LCHR") and the EEOC "have a work-sharing agreement whereby they operate as each other's agents for the purpose of receiving and drafting charges." *Martin v. Winn–Dixie Louisiana, Inc.*, 132 F. Supp. 3d 794, 814-15 (M.D. La. 2015) (quotation omitted); *see Conner v. La. Dep't of Health & Hosps.*, 247 Fed. Appx. 480, 481 (5th Cir. 2007). In light of this dual-filing system, claimants will often reference

---

[36] R. Doc. 3, p. 4.

[37] *Plaisance v. Airgas-Gulf States, Inc.*, Civil Action No. 07-8440, 2008 WL 1730535, at * 2 (E.D. La. April 10, 2008) (collecting cases).

[38] *Weiser v. Shaw Group Environmental & Infrastructure*, Civil Action No. 11-558, 2011 WL 5178347, at * 1 (M.D. La. Sept. 16, 2011), report and recommendation rejected in part on other grounds, 2011 WL 5180854 (M.D. La. Oct. 31, 2011) (reversing award of fees and costs pursuant to 28 U.S.C. § 1447(c) but affirming remand based on lack of federal question subject matter jurisdiction). The undersigned notes that the 2011 opinion adopting the report and recommendation on this issue was decided by Chief Judge Jackson, who is also the district judge assigned to this matter.

[39] *Pidgeon v. East Baton Rouge Sheriff's Office*, Civil Action No. 17-342, 2017 WL 3996436 (M.D. La. Aug. 21, 2017).

7

>both state and federal law in EEOC charges so as to exhaust both state and federal administrative procedures; **nevertheless, the claimants who do so are not required to pursue exhausted federal claims when initiating litigation**. See Williamson v. Pay and Save, Inc., 205 F. Supp. 2d 863, 867-68 (W.D. Tex. 2015) (citing Kay v. Friendly's Ice Cream, LLC, No. 14-14062, 2014 WL 7361243, at *1 (D. Mass. Dec. 23, 2014)).[40]

Here, although the Petition references Plaintiff's Charges of Discrimination filed with the EEOC, it contains no express reference to Title VII.  Further, despite Defendant's assertion that the Petition also makes no reference to state substantive law, Plaintiff does allege that she "was an 'employee' of Cypress Home Health within the meaning and intent of Louisiana law,"[41] asserts that "all conditions precedent to suit under La. R.S. 23:301, *et seq*. have been met and/or complied with,"[42] and seeks *inter alia*, a claim for attorney fees pursuant to the LEDL.[43]  Having reviewed the Petition as a whole, the Court finds insufficient grounds to infer that the Plaintiff has asserted a Title VII claim.  "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction."[44]  Plaintiff is the master of her complaint, and has specifically referenced only the LEDL in her Petition.  Conversely, the Petition does not include any explicit reference to Title VII, and Plaintiff has repeatedly averred in support of remand that she has brought no federal claims.  As noted above,

---

[40] *Id*. at * 3.  Emphasis added.  This court went on to distinguish *Davoodi v. Austin Independent School District*, 755 F.3d 307 (5th Cir. 2014).  In *Davoodi*, the Fifth Circuit held that there was federal question subject matter jurisdiction where a petition specifically incorporated by reference plaintiff's EEOC charge, such that those claims were fully incorporated into the petition.  *Davoodi*, 755 F.3d at 310.  Unlike the situation in *Davoodi*, Plaintiff in this action did not incorporate her Charge into the pleadings.  *See*, *Pidgeon*, 2017 WL 3996436, at * 3 ("Unlike the plaintiff in *Davoodi*, the plaintiff in this action did not attach or otherwise attempt to incorporate his Charge into the pleadings.  Accordingly, *Davoodi* does not support a finding of federal question jurisdiction in this particular case.  *See Williamson*, 205 F. Supp. 3d at 867 (distinguishing *Davoodi* because "Plaintiff's Charge, and the allegations therein, did not become a part of her Petition" and "[t]herefore, Plaintiff does not raise a federal question in her Petition.")).

[41] R. Doc 1-2, ¶ 2.

[42] R. Doc. 1-2, ¶ 10.  La. R.S. § 23:301, *et seq*. is the Louisiana Employment Discrimination Law ("LEDL").

[43] R.  Doc 1-2, ¶ 11.

[44] *Avitts*, 53 F.3d at 693.

Defendant has the burden of establishing federal subject matter jurisdiction and any doubt as to the propriety of removal must be resolved in favor of remand.[45] The undersigned finds that Defendant has not carried its burden of demonstrating that federal subject matter jurisdiction exists and therefore recommends that this matter be remanded.[46]

### C. Plaintiff's Request for Costs and Fees

Finally, Plaintiff has requested "an award in favor of Plaintiff for attorney's fees, actual expenses and just costs" as a result of the removal.[47] "An order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of removal."[48] An award of costs and expenses under § 1447(c) is discretionary and shall only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal."[49]

While counsel for Defendant asserts that his research "revealed no case directly on all fours with the facts of the *sub judice*,"[50] as set forth herein, prior to the Defendant's removal, this court clearly (and repeatedly) held that a plaintiff's receipt of a right to sue letter was insufficient to confer subject matter jurisdiction pursuant to 28 U.S.C. §1331.[51] Although the Fifth Circuit

---

[45] *Gasch*, 491 F.3d at 281–82; *Gutierrez*, 543 F.3d at 251; *Manguno*, 276 F.3d at 723.

[46] *See also*, *Dupre v. Family Dollar Stores of Louisiana*, Civil Action No. 15-1432, 2015 WL 3791705, at * 2 (W.D. La. June 16, 2015) ("The case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained references and/or more substantial inferences to Title VII than in this case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim.") (collecting cases).

[47] R. Doc. 2, ¶ 10.

[48] 28 U.S.C. § 1447(c).

[49] *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005).

[50] R. Doc. 3, p. 5.

[51] *See*, *Pidgeon*, 2017 WL 3996436; *Weiser*, 2011 WL 5178347, at * 1.  In opposition to the Motion to Remand, Defendant asserts that "despite a specific request, plaintiff's counsel declined to provide the undersigned with citation to, or a copy of, the *Weiser* decision cited in plaintiff's Memorandum." R. Doc. 3, p. 5. As noted above, case law is replete with opinions ordering remand in similar circumstances, and the undersigned finds Defendant's assertion that Plaintiff failed to provide it with the relevant case law unpersuasive. Defendant has an obligation to independently research relevant jurisprudence.

recently found that "it was not objectively unreasonable" to base removal on a complaint referencing a plaintiff's EEOC charge and notice of right to sue letter and therefore declined to award fees pursuant to 28 U.S.C. § 1447(c),[52] that court also clearly held that "[a]though [plaintiff] indeed referenced his dealing with the EEOC in his complaint, he did not mention Title VII or any similar federal statute. As such, the district court lacked subject-matter jurisdiction…."[53] Given this controlling authority, which was decided prior to Defendant's removal in this case, the objective reasonableness of Defendant's removal is questionable.[54]

However, the undersigned also notes that Plaintiff's Petition is not explicit regarding her position that she is proceeding exclusively under Louisiana state law, and it appears that defense counsel stated in email correspondence that Defendant would "voluntarily dismiss the removal" after Plaintiff filed an amended petition stating that "Plaintiff is not, and will not, pursue a claim under Title VII."[55] While the court finds Defendant's desire to "pin down" the scope of Plaintiff's claims understandable, the undersigned is troubled by Defendant's assertion that "[h]ad plaintiff displayed a modicum of professionalism, the removal issue may well have been resolved without Court intervention."[56] To the extent Defendant contends that "the removal issue may well have

---

[52] *Griffith v. Alcon Research, Limited*, 712 Fed. Appx. 406, 409 (5th Cir. 2017).

[53] *Id.*

[54] Moreover, it appears that Defendant made similar arguments regarding Plaintiff's potential federal claims in the state court proceedings, and that such arguments were rejected. *See*, R. Doc. 2-3, p. 83 (Plaintiff's briefing in support of exception of vagueness and ambiguity) ("it is not clear at all what legal causes of action plaintiff seeks to pursue, nor is it clear whether federal or state law will control. As mentioned above, the Petition makes only passing reference to 'La. R.S. 23:301, *et seq.*' and fails to reference the specific Louisiana statutory prohibition against gender/sex discrimination: La. R.S. 23:332. The Petition does reveal however that plaintiff specifically intends to prosecute a federal Title VII claim, presumably in this litigation, as she specifically 'reserve[d] her right to supplement and amend this Petition upon receipt of (a) Notice of Right to Sue' letter. As such, it is respectfully submitted that plaintiff should clarify whether she will ultimately proceed under federal or state law."); pp. 77-78 (Plaintiff's briefing opposing exception of vagueness setting out the provisions of Louisiana law she cites in her Petition); and p. 73 (state court Judgment overruling Defendant's exception of vagueness "in its entirety.").

[55] R. Doc. 3-2, p. 2.

[56] R. Doc. 3, p. 7.

been resolved without Court intervention" if only Plaintiff had earlier provided Defendant with the authority cited in the Motion to Remand (and setting aside Defendant's independent obligation o research the law regarding the propriety of its removal), the undersigned notes that the Motion to Remand *does* provide citation to *Weiser* and Defendant nevertheless proceeded to file an opposition (rather than stating it was unopposed to the Motion to Remand). Even assuming that removal was not objectively unreasonable, the undersigned finds that Defendant's continued insistence regarding the propriety of the removal after the filing of the Motion to Remand (which both provided case law which Defendant asserts could have led to resolution of the removal issue without court intervention and served as a judicial admission that Plaintiff was pursuing only state law claims)[57] was *not* objectively reasonable. Notwithstanding Defendant's assertion that the removal issue may well have been resolved without court intervention had Defendant been provided the authority cited by Plaintiff in her Motion to Remand earlier, the undersigned notes that Defendant chose to file an opposition to the Motion to Remand *after* such authority was provided.[58]

Based on the authority finding that reference to the charge of discrimination and receipt of the Notice of Rights letter does not confer federal subject matter jurisdiction, as well as Defendant's continued insistence that removal was proper even after the filing the Motion to Remand citing the appropriate jurisprudence, the undersigned RECOMMENDS that Plaintiff's request for an award of fees and costs pursuant to 28 U.S.C. § 1447(c) be GRANTED IN PART. In support of her request for fees and costs, Plaintiff's counsel has submitted an affidavit outlining

---

[57] *See also*, R. Doc. 3-2, p. 1 ("I am glad to see that the plaintiff has finally taken a definitive position regarding whether she is pursuing a state-law claim versus a federal law claim.").

[58] Defendant may argue that it was required to file an opposition to oppose Plaintiff's request for fees and costs. However, the opposition is not limited to that issue. Instead, Defendant argues in its opposition that removal was proper based on administrative exhaustion and receipt of a Right to Sue letter and additionally seeks its own costs and fees.

11

$1,350.00 incurred related to the filing of the Motion to Remand.[59] The affidavit does not include fees associated with preparation of Plaintiff's Reply brief. As explained above, while the undersigned finds Defendant's initial removal does not justify an award of fees and costs, Defendant's opposition to the Motion to Remand does. Accordingly, the undersigned RECOMMENDS that Plaintiff be awarded fees and costs pursuant to 28 U.S.C. § 1447(c) associated with the costs incurred in the filing of Plaintiff's Reply brief. The undersigned further RECOMMENDS that a reasonable award associated with the filing of Plaintiff's Reply brief be set at $500.00.[60]

### D. Recommendation

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand[61] be GRANTED and that this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

IT IS FURTHER RECOMMENDED that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) be GRANTED IN PART and Plaintiff be awarded $500.00.

Signed in Baton Rouge, Louisiana, on July 12, 2018.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[59] R. Doc. 2-4.

[60] Per the Affidavit of Plaintiff's Counsel, an associate attorney billing at the rate of $125.00/hour did the majority of the work associated with researching and drafting the initial Motion to Remand, and a more senior attorney billing at the rate of $200.00/hour reviewed and revised the Motion to Remand. R. Doc. 2-4. The $500.00 figure for work related to Plaintiff's Reply brief represents an estimated 2 hours of work at the rate of $125.00/hour, 1 hour of work at the rate of $200.00/hour, and a small amount of work finalizing the Reply by a paralegal.

[61] R. Doc. 2.